UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| MARK A. BACON<br>FED. REG. # 23022-112 | CIVIL ACTION NO. 10-828 |
| VS. | SECTION P<br>JUDGE MINALDI |
| J.P. YOUNG | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

Before the court is a *pro se* petition for writ of *habeas corpus* filed by Mark A. Bacon pursuant to 28 U.S.C. § 2241 on May 11, 2010. At the time of filing, the petitioner was an inmate in the custody of the Federal Bureau of Prisons (BOP) and was incarcerated at the Federal Correctional Institute, Oakdale (FCIO), Oakdale, Louisiana. Petitioner named FCIO Warden J.P. Young as his respondent herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the matter be **DISMISSED WITHOUT PREJUDICE.**

### *Statement of the Case*

Petitioner seeks *habeas corpus* relief pursuant to 28 U.S.C. §2241 which provides in pertinent part, "The writ of *habeas corpus* shall not extend to a prisoner unless – [h]e is in custody in violation of the Constitution or laws or treaties of the United States..." 28 U.S.C.

§2241(c)(3). Here, petitioner claims that he was deprived of good-time credits. More specifically, he states that upon his March 16, 2010, transfer from USP-Pollock to FCIO, he was placed in the special housing unit (SHU). He claims that prior to his placement in FCIO's SHU, he was not given notice, a post-placement hearing, or any segregation reviews. He claims that the above constitutes a violation of his due process rights. Petitioner does not provide any information on his housing status while at Pollock nor does he give details on any disciplinary actions leading to his placement in SHU.

## *Law and Analysis*

Information on the Bureau of Prisons website confirms that petitioner was released on October 8, 2010. *See* http://bop.gov/ (last visited May 23, 2011). Although an action "is not moot simply because a § 2241 petitioner is no longer in custody," it is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 Fed. Appx. 256, 257 (5th Cir. Feb.22, 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir.1969); *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir.1987)).

The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exist at all stages of federal court proceedings. *Bailey*, 821 F.2d at 278. A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Adair v. Dretke*, 150 Fed. Appx. 329, 331 (5th Cir. Oct.6, 2005) (citation omitted). The main thrust of the current petition was for petitioner to receive an accelerated release from confinement. Because petitioner was released this court can no longer provide him with that relief.

*Conclusion and Recommendation*

Petitioner's main objective in bringing this habeas action was to have this court restore lost good time credit, resulting in an accelerated release from confinement. Since petitioner was released from incarceration, there is no longer a case or controversy to litigate. Therefore his habeas claims are moot.

Accordingly it is respectfully **RECOMMENDED**: That petitioner's habeas claims be **DISMISSED** as moot. Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Serv. Auto. Ass'n*, **79 F.3d 1415 (5th Cir.1996).**

THUS DONE AND SIGNED in Chambers this 26th day of May, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE